UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
_____

THE NETHERLANDS INSURANCE
COMPANY, a New Hampshire corporation,
175 Berkley Street, Boston, MA 02117

and

PEERLESS INSURANCE COMPANY, a New
Hampshire corporation,
175 Berkley Street, Boston, MA 02117,

          Plaintiffs,

v.

NORTHERN GROUP, INC., a Wisconsin
corporation,
926 Willard Drive, Suite 144, Green Bay, WI
54304,

OLEN RICE, a Wisconsin resident,
926 Willard Drive, Suite 144, Green Bay, WI
54304

and

APT POWERSPORT & UTILITY PRODUCTS,
LLC, a Missouri limited liability company,
8844 Hillcrest Road, Kansas City, MO 64138

          Defendants.

Case No.: _____

---

## COMPLAINT FOR DECLARATORY JUDGMENT

        The plaintiffs, The Netherlands Insurance Company and Peerless Insurance Company, by

their attorneys, Hinshaw & Culbertson LLP, for their complaint for declaratory relief state and

allege as follows:

16668772v1 0956902

## JURISDICTION AND VENUE

1.    The plaintiff, The Netherlands Insurance Company ("Netherlands"), is a New Hampshire insurance corporation with its principal place of business located at 175 Berkley Street, Boston, MA 02117.

2.    The plaintiff, Peerless Insurance Company ("Peerless"), is a New Hampshire insurance corporation with its principal place of business located at 175 Berkley Street, Boston, MA 02117.

3.    The defendant, Northern Group, Inc., is a Wisconsin corporation, with its principal place of business located at 926 Willard Drive, Suite 144, Green Bay, WI 54304.

4.    The defendant, Olen Rice, is a Wisconsin resident and the President and owner of Northern Group, Inc., and is a resident of Green Bay, WI.

5.    The defendant, APT Powersport & Utility Products, LLC, is a Missouri LLC, with its principal place of business located at 8844 Hillcrest Road, Kansas City, MO 64138.

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and the plaintiffs and defendants are citizens of different states.

7.    Venue is proper in this Court under 28 U.S.C. § 1391(a).

## JURY DEMAND

8.    Plaintiffs demand a jury of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

9.    Netherlands issued a Commercial General Liability Policy to Northern Group, Inc., effective 02/01/2009 to 02/01/2010, under policy no. CBP862510. The Commercial General Liability Policy was renewed by Peerless Insurance Company effective 02/02/2010 to

2

02/01/2011, 02/01/2011 to 02/01/2012, 02/01/2012 to 02/01/2013 and 02/01/2013 to 02/01/2014, under policy no. CBP862510.  Collectively, the policies identified herein are referred to as the "Peerless policies".

10.     Prior to December 1, 2013, the defendant, APT Powersport & Utility Products, LLC, commenced a lawsuit against the defendants, Northern Group, Inc. and Olen Rice and others, in the Circuit Court of Jackson County, MO, case no. 1316-CV28798. (the "underlying lawsuit")  A copy of the complaint filed in the underlying lawsuit is attached hereto as Exhibit A.

11.     On or about December 24, 2013, defendants, Northern Group, Inc. and Olen Rice, provided Peerless with notice of the underlying lawsuit and requested that Peerless defend and indemnify Northern Group, Inc. and Olen Rice with respect to the claims alleged in the underlying lawsuit.

12.     Peerless agreed to defend defendants, Northern Group, Inc. and Olen Rice, against the claims asserted in the underlying lawsuit under a reservation of rights to decline coverage.

13.     Peerless denies that it is obligated under the Peerless policies to defend or indemnify Northern Group, Inc. and Olen Rice against the claims in the underlying lawsuit.

## THE COVERAGE

14.     The insuring agreement to "Coverage A – Bodily Injury and Property Damage Liability" in the Peerless policies provides in relevant part as follows:

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

    **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property

3

16668772v1 0956902

damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\* \* \*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

15. "Property damage" is defined in Peerless policies, in part, as follows:

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. "Bodily injury" is defined in the policies as follows:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

17. "Occurrence is defined in the policies as follows:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. The insuring agreement to "Coverage B – Personal and Advertising Liability" in

the Peerless policies provides in relevant part:

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1.** Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

19. "Personal and advertising injury" is defined in the Peerless policies as follows:

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Invasion of a person's right of privacy;

16668772v1 0956902

The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

20. "Coverage B – Personal and Advertising Injury Liability" of the Peerless policies incorporated the following exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b. Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c. Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\*    \*    \*

**f. Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

\*    \*    \*

**i. Infringement Of Copyright, Patent, Trademark Or Trade Secret**

6

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

21.     The Peerless policies incorporate a punitive damages exclusion endorsement.  The endorsement provides:

This insurance does not apply to any punitive or exemplary damages.

22.     The policies define an insured entitled to coverage as follows:

**SECTION II – WHO IS AN INSURED**

**1.**     If you are designated in the Declarations as:

*     *     *

**d.**     An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

*     *     *

**2.**     Each of the following is also an insured:

**a.**     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

**COUNT I – DECLARATORY RELIEF**

23.     Peerless realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 of this complaint.

7

16668772v1 0956902

24.     A real and justiciable controversy exists concerning whether or not the Peerless policies provide coverage and/or a defense to Northern Group, Inc. and Olen Rice for the claims asserted in the underlying lawsuit.

25.     Peerless seeks a declaration from this Court that Peerless has no obligation under Coverage "A" – Bodily Injury and Property Damage Liability" of the Peerless policies, or otherwise, to defend or indemnify Northern Group, Inc. and/or Olen Rice in connection with the claims alleged in the underlying lawsuit on the grounds, *inter alia*, that:

    a.      The claims are not covered under the insuring agreement because the claims do not seek damages because of "bodily injury" or "property damage" as defined and used in the Peerless policies.

    b.      The claims are not covered under the insuring agreement because the claims do not seek damages because of "bodily injury" or "property damage" caused by an "occurrence" as that term is defined and used in the Peerless policies.

    c.      The claims are otherwise not covered under Coverage A of the Peerless policies and/or are excluded the terms, conditions, definitions, limits and exclusions of the Peerless policies.

26.     Peerless seeks a declaration from this Court that Peerless has no obligation under Coverage "B" – Personal and Advertising Injury Liability", or otherwise, to defend or indemnify Northern Group, Inc. and/or Olen Rice in connection with the claims asserted in the underlying lawsuit on the grounds, *inter alia*, that:

    a.      The claims are not covered since they do not seek sums as damages because of "personal and advertising injury" within the scope of the personal and advertising insuring agreement.

    b.      The claims are not covered to the extent the claims fall within the scope of exclusion a-Knowing Violation Of Rights Of Another.

    c.      The claims are not covered to the extent the claims fall within the scope of exclusion b-Material Published With Knowledge of Falsity.

    d.      The claims are not covered to the extent the claims fall within the scope of exclusion c- Material Published Prior To Policy Period.

8

e.   The claims are not covered to the extent the claims fall within the scope of exclusion f-Breach of Contract.

f.   The claims are not covered to the extent the claims fall within the scope of exclusion i- Infringement of Copyright, Patent, Trademark Or Trade Secret.

g.   The claims are otherwise not covered under the insuring agreement of Coverage B of the policies and/or are excluded by the terms, conditions, definitions, limits and exclusions of the policies.

27.   Peerless seeks a declaration from this Court that Peerless has no obligation under the policies to defend or indemnify Olen Rice to the extent he does not quality as an insured under Section II – Who Is An Insured as set forth in paragraph 22 above.

28.   Peerless seeks a declaration from this Court that Peerless has no obligation under the policies for any punitive or exemplary damages awarded by reason of the punitive damages exclusion endorsement.

29.   Peerless seeks a declaration from this Court that Peerless has no obligation under the policies to defend or indemnify Olen Rice in connection with the claims asserted in the underlying lawsuit to the extent Olen Rice's liability, if any is the result of activities outside the scope of his duties or employment by Northern Group, Inc.

## RELIEF REQUESTED

**WHEREFORE**, Netherlands and Peerless respectfully request:

1.   A declaration that Netherlands and Peerless have no duty to defend or indemnify Northern Group, Inc. and Olen Rice in relation to the claims asserted against them in the underlying lawsuit.

2.   In the alternative, a declaration of respective rights and obligations of all parties, pursuant to the Peerless policies and a declaration of the limits and any obligation that

9

16668772v1 0956902

Netherlands and Peerless have, if any, for the defense and indemnity of the claims asserted against Northern Group, Inc. and Olen Rice in the underlying lawsuit.

3.      For such further relief to which Netherlands and Peerless may be entitled and for which the Court may deem just and proper.

Dated this 8th day of May, 2014.

/s/ Thomas R. Schrimpf
Thomas R. Schrimpf
State Bar No. 1018230
Attorneys for Plaintiffs
The Netherlands Insurance Company and
Peerless Insurance Company
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No.  414-276-6464
Fax No.  414-276-9220
E-mail Address:
tschrimpf@hinshawlaw.com

16668772v1 0956902